1  Michele R. Stafford, Esq. (SBN 172509)
   Matthew P. Minser, Esq. (SBN 296344)
2  SALTZMAN & JOHNSON LAW CORPORATION
3  1141 Harbor Parkway, Suite 100
   Alameda, CA 94502
4  Telephone: (510) 906-4710
   Email: mstafford@sjlawcorp.com
5  Email: mminser@sjlawcorp.com

6  Attorneys for Plaintiffs, Operating Engineers'
7  Health And Welfare Trust Fund for Northern California, et al.

8

9                    UNITED STATES DISTRICT COURT

10             FOR THE NORTHERN DISTRICT OF CALIFORNIA

11 | OPERATING ENGINEERS' HEALTH AND        | Case No.
12 | WELFARE TRUST FUND FOR NORTHERN        |
   | CALIFORNIA; DAN REDING and JAMES E.    | **COMPLAINT**
13 | MURRAY, Trustees;                      |

14 PENSION TRUST FUND FOR OPERATING
   ENGINEERS; DAN REDING and JAMES E.
15 MURRAY, Trustees;

16 PENSIONED OPERATING ENGINEERS'
   HEALTH AND WELFARE TRUST FUND; DAN
17 REDING and JAMES E. MURRAY, Trustees;

18 OPERATING ENGINEERS AND PARTICIPATING
   EMPLOYERS PRE-APPRENTICE, APPRENTICE
19 AND JOURNEYMEN AFFIRMATIVE ACTION
   TRAINING FUND; DAN REDING and JAMES E.
20 MURRAY, Trustees;

21 OPERATING ENGINEERS LOCAL UNION NO. 3
   VACATION, HOLIDAY AND SICK PAY TRUST
22 FUND; DAN REDING and JAMES E. MURRAY,
   Trustees;

23 HEAVY AND HIGHWAY COMMITTEE; and

24 OPERATING ENGINEERS LOCAL 3 OF THE
25 INTERNATIONAL UNION OF OPERATING
   ENGINEERS, AFL-CIO,

26              Plaintiffs,

27       v.

28 SWEEP SYSTEMS, INC., a California Corporation,

                          1

COMPLAINT
Case No.

and JAMES R. BERMEA, an individual

Defendants.

Parties

1.      The Operating Engineers' Health and Welfare Trust Fund for Northern California (which includes the Addiction Recovery Program, Inc.) ("Health Fund"); Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers, the Rehabilitation Plan, and the Operating Engineers Annuity Plan) ("Pension Plan"); Pensioned Operating Engineers' Health and Welfare Trust Fund ("Pensioned Health Fund); Operating Engineers and Participating Employers Pre-apprentice, Apprentice and Journeymen Affirmative Action Training Fund ("Affirmative Action Training Fund"); and the Operating Engineers Local Union No. 3 Vacation, Holiday and Sick Pay Trust Fund ("Vacation Fund") (collectively referred to hereinafter as the "Trust Funds"), are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). Dan Reding and James E. Murray are Co-Chairmen of the Joint Boards of Trustees of the Health Fund, Pension Fund, Pensioned Health Fund, and Affirmative Action Training Fund and have authority to act on behalf of all Trustees of those Funds. Dan Reding and James E. Murray are Co-Chairmen of the Joint Boards of Trustees of the Vacation Fund and have authority to act on behalf of all Trustees of the Vacation Fund. The Trust Funds and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

2.      The Heavy and Highway Committee is a Trust established under the Labor Management Relations Act ("LMRA"), 302(c)(9), 29 U.S.C. § 186(c)(9).

3.      Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and is represented by counsel herein for the limited purpose of collecting union dues owing as part of the subject contribution claims of ERISA Plaintiffs, and not for any other cause of action.  The Union expressly reserves its rights to pursue any other cause of action on its own behalf.

4.      Sweep Systems, Inc., a California corporation, and James R. Bermea, an individual ("Defendants") are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29

2

COMPLAINT
Case No.

U.S.C. § 152(2), 29 U.S.C. § 152(2).

Jurisdiction

5.     Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

6.     Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that ERISA Plaintiffs seek to enforce the terms and conditions of a valid collective bargaining agreement between Defendants and the Union.

7.     To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

Venue

8.     Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in Alameda, California. Thus, jurisdiction and venue are properly grounded with this Court.

9.     Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

Intradistrict Assignment

10.     The basis for assignment of this action to this Court's Oakland Division is that all of the

3

**COMPLAINT**
**Case No.**

events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds and the Bargained Plans are administered, and where Defendant therefore failed to fulfill its statutory and contractual obligations to Plaintiffs.

Bargaining Agreements

11.     Defendant James R. Bermea, on behalf of Defendant Sweep Systems, Inc. entered into the Independent Northern California Construction Agreement (the "Independent Agreement") with the Union, which incorporates the Master Agreement ("Master Agreement") between the Union and the Associated General Contractors of California, Inc. ("AGC"). Under the terms of the Independent Agreement, the principal shareholders of Sweep Systems, Inc. personally guaranteed all amounts due by Sweep Systems, Inc. under the terms of the Independent Agreement and Master Agreement. Plaintiffs are informed and believe that Defendant James R. Bermea (who signed the Independent Agreement) is the principal shareholder of Sweep Systems, Inc. As such, Plaintiffs allege that Defendant James R. Bermea personally guaranteed all amounts due herein. Defendants also entered into the Sweeper Agreement for Northern California ("Sweeper Agreement") which incorporates the terms of the Master Agreement. The Independent Agreement, Master Agreement, and the Sweeper Agreement are collectively referred to hereinafter as the "Bargaining Agreements."  The Bargaining Agreements, which incorporate the terms of the Trust Agreements establishing the Trust Funds ("Trust Agreements"), require Defendants to provide employer contributions to Plaintiffs' Trust Funds, to the Union for union dues, and to the other plans more fully described in the Bargaining Agreements. ERISA Plaintiffs are third-party beneficiaries of the Bargaining Agreements.

12.     Under the terms of the Bargaining Agreements and Trust Agreements incorporated therein, Defendants are required to pay certain contributions to the Construction Industry Force Account; Contract Administration Fund; Funding Improvement Plan; Operating Engineers Annuity Fund; Assistance & Recovery Program, Inc.; California Alliance for Jobs; Market Preservation Trust Fund; the Business Development Fund; and the Operating Engineers Industry Stabilization Trust Fund (together referred herein as "Bargained Plans"). Plaintiffs' Boards of Trustees are assigned under the Bargaining Agreements to receive and administer monies due to these Bargained Plans.

4

COMPLAINT
Case No.

13.     Under the Bargaining Agreements and Trust Agreements, which are incorporated into the Bargaining Agreements and made binding on Defendants, Defendants are required to regularly pay to ERISA Plaintiffs, the Bargained Plans, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendants' employees. Contributions are due on the fifteenth (15th) day of the month following the month in which hours were worked, and are considered delinquent if not received by the twenty-fifth (25th) day of that month. Defendants are also required, pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution relative to those owed pursuant to the Independent and Master Agreement, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation.  Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the Trustees from the date they become delinquent, which is the twenty-sixth (26th) day of the month in which payment was due, until paid in full.

14.     The Bargaining Agreements and Trust Agreements further require Defendants to maintain time records or time cards, and to permit an authorized Trust Fund representative to examine such records of Defendants as are necessary to determine whether Defendants have made full payment of all sums owed to ERISA Plaintiffs. Should an audit of Defendants' records reveal Defendants have failed to provide full and prompt payment of all sums due to Plaintiffs, Defendants must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

<u>Facts</u>

15.     Defendants have failed and refused to comply with an audit of their payroll records for the period from January 1, 2014 through December 31, 2017.

16.     Defendants have also failed and refused to report and pay contributions for hours worked by their employees during the months of April 2018 through June 2019. Liquidated damages and interest are owed to Plaintiffs for the unreported and unpaid contributions for the above-referenced months.

17.     Plaintiffs are also entitled to recover any and all other contributions, and all liquidated

5

COMPLAINT
Case No.

damages and interest on delinquent contributions not specified above, found due on timecards, audit, or otherwise, including estimated contributions for any months Defendants fail to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct a further audit to determine whether there are any additional amounts due from Defendants.

**FIRST CAUSE OF ACTION**
**For Audit Compliance, Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendants**

18.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 17, above.

19.     Defendants have a contractual duty to timely pay the required contributions to Plaintiffs and the Bargained Plans, and to timely pay dues to the Union, pursuant to the Bargaining Agreements and Trust Agreements. Defendants also have a contractual duty under the Bargaining Agreements, and Trust Agreements to permit an audit of their records to determine whether they are making full and prompt payment of all sums required to be paid by them to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

20.     In addition, Defendants have a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

21.     By failing to make the required payments to Plaintiffs, and by failing to comply with an audit, Defendants breached the Bargaining Agreements and Trust Agreements and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

22.     Defendants' failure and refusal to pay the required contributions and permit the audit was at all times, and still is, willful. Defendants continue to breach the Bargaining Agreements, and incorporated Trust Agreements by failing to pay all amounts owed as alleged and by failing to permit the audit. Said refusal is unjustified and done with knowledge and intent.

23.     ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining Agreements and Trust Agreements, and are restrained from continuing to refuse to perform as required thereunder.

COMPLAINT
Case No.

24.     This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

25.     This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendant. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1.     For an order,

(a)     requiring that Defendants comply with their obligations to Plaintiffs under the terms of the Bargaining Agreements and Trust Agreements, including permitting an audit of their records as requested by Plaintiffs;

(b)     enjoining Defendants from violating the terms of those documents and of ERISA; and

(c)     enjoining Defendants from disposing of any assets until said terms have been complied with, and from continuation or operating of Defendants' business until said terms have been complied with.

2.     For a judgment against Defendants as follows:

(a)     Any unpaid contributions, due at time of Judgment, including those determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendants fail to report to Plaintiffs  pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

i.     To ERISA Plaintiffs and the Bargained Plans, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreements;

ii.     To the Union in accordance with the Bargaining Agreements.

(b)     Liquidated damages on any late-paid and unpaid contributions in an amount

7

COMPLAINT
Case No.

provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

(c)     Interest on any late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreements, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132 (g)(2)(B).

3.     Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreements for all Bargained Plans; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

4.     That the Court retain jurisdiction of this case pending compliance with its orders.

5.     For such other and further relief as the Court may deem just and proper.

DATED: July 23, 2019                    SALTZMAN & JOHNSON LAW CORPORATION


By:     _____/S/_____
        Matthew P. Minser
        Attorneys for Operating Engineers' Health And
        Welfare Trust Fund, et al.

**COMPLAINT**
**Case No.**